## ALLING v. BREVDA.
### No. 7094.

District Court, E. D. New York.
Jan. 27, 1937.

Michel & Rhodie, of Corona, L. I., N. Y. (Jos. L. Rhodie, and David M. Fried of New York City, of counsel), for plaintiff.

George Langberg, of New York City, for defendant.

BYERS, District Judge.

Motion to substitute as successor receiver, and for summary judgment.

This former is not opposed and is granted.

The latter is directed to the affirmative defense and counterclaim, which alleges that the plaintiff is not the owner and holder of certain collateral originally deposited as security for the payment of the note in suit, but has converted the same and is liable to the plaintiff for the value of the collateral.

The plaintiff asserts that this issue has been determined adversely to the defendant in a litigation in the Supreme Court of New Jersey, which resulted in a judgment which is binding upon this defendant.

In that action this defendant was named but not served; his co-defendant was the maker of the note which constituted the collateral in question, which was held by the bank because this defendant endorsed that note and delivered it in connection with the original loan that gave rise to this suit.

The maker of that note (Siegel) sought to defend in part upon the theory that the note which he made was agreed to be returned by the bank to this defendant at a time when other collateral was substituted; this means that the bank was said not to be the legal holder of that note, when the New Jersey action was started. The issue was resolved against that defendant, the Court saying in its finding of facts:

"* * * and that there had been no agreement, express or implied, on the part of the Bank to release the Siegel note and substitute other securities of Brevda (this defendant) in its stead."

If Brevda was in privity to Siegel, he is estopped by that judgment.

The Supreme Court has defined privies in Stacy v. Thrasher, 6 How. 44, 59, 12 L. Ed. 337, at page 343:

" 'The term privity denotes mutual succession or relationship to the same rights of property.' Greenleaf on Ev. sec. 523. Privies are divided by Lord Coke into three classes—1st, privies in blood; 2d, privies in law; and 3d, privies by estate. The doctrine of estoppel, however, so far as it applies to persons falling under these denominations, applies to them under one and the same principle, namely, that a party claiming through another is estopped by that which estopped that other respecting the same subject matter. Thus, an heir who is privy in blood would be estopped by a verdict against his ancestor, through whom he claims. An executor or administrator, suing or sued as such, would be bound by a verdict against his testator or intestate, to whom he is privy in law. With regard to privies in estate, a verdict against feoffer would estop feoffee, and lessor, the lessee, etc."

There was no privity between the maker of the Siegel note and the depositor of that note as collateral to a loan which he procured, because there was no succession of title, nor relation of principal and agent involved.

It is true that the New Jersey Court passed upon the issue now presented, and its judgment is an authority which may well be cited in the plaintiff's brief at the trial of this case. But the court could not adjudicate so as to create an estoppel either for or against Brevda, an issue between him and the bank in the absence of jurisdiction over him. This is so because the action was not in rem as against the note, but in personam for a money judgment.

Had the New Jersey cause been in the nature of a proceeding in rem against the Siegel note, doubtless Brevda's claim to the res could have been effectually cut off by appropriate proceedings, but that is not the legal situation with which this court is confronted.

Motion denied. Settle order.